UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA CANO CANO,

Petitioner,

-against-

LADEON FRANCIS, *in his official capacity as Acting Field Office Director, New York Field Office, U.S. Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *in his official capacity as Secretary, U.S. Department of Homeland Security*; DAVID VENTURELLA, *in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement*; and TODD BLANCHE, *in his official capacity as Attorney General of the United States*,

Respondents.

Case No. 1:26-cv-07927 (JLR)

**ORDER TO ANSWER**

JENNIFER L. ROCHON, United States District Judge:

Petitioner has, through counsel, filed a Petition for the writ of *habeas corpus* under 28 U.S.C. § 2241. The Court, having examined the Petition, hereby ORDERS that:

(1) By **September 15, 2026**, Respondents shall file a letter with the following information:

a. whether Petitioner was, as the Petition alleges, *see* Dkt. 1 ¶ 14, located in the Southern District of New York at the time that the Petition was filed and, if not, what District Petitioner was in at the time of filing and whether the Petition should be immediately transferred to that District, *see, e.g.*, *Öztürk v. Hyde*, 136 F.4th 382, 391-92 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025);

b. Petitioner's A-number, current place of detention, and a contact person who can facilitate counsel's access to Petitioner;

c. the statutory provision(s) under which Respondents assert the authority to detain Petitioner;

d. whether Respondents intend to continue to detain Petitioner after September 11, 2026, *see Fuenmayor Ochoa v. Mullin*, No. 26-cv-03136 (JLR), 2026 WL 1162429, at *2 (S.D.N.Y. Apr. 29, 2026) ("[I]f an unaccompanied minor in

ORR's custody reaches 18 years of age and is transferred to the custody of the Secretary of Homeland Security, the Secretary shall consider placement in the least restrictive setting available after taking into account the [non-citizen]'s danger to self, danger to the community, and risk of flight." (second alteration in original) (quotation marks and citation omitted)); 8 U.S.C. § 1232(c)(2)(B); *see also Ramirez v. U.S. Immigr. & Customs Enf't*, 471 F. Supp. 3d 88, 181 (D.D.C. 2020) ("[Section 1231(c)(2)(B)] does not place any time limits on ICE's duties under the statute, either on the front end or the back end. . . . A number of ICE field offices view their obligations with regard to age-outs as limited to only the day the age-out turns eighteen. The statute does not require this.");

i. if Respondents do not intend to continue to detain Petitioner after September 11, 2026, Respondents shall certify that she has been released, or that she will be released by a particular date;

ii. if Respondents do intend to continue to detain Petitioner after September 11, 2026, the statutory provision(s) under which Respondents assert the authority for that detention;

1. if the asserted basis for Petitioner's continued detention is 8 U.S.C. § 1225(b)(2)(A), whether there is any basis to distinguish this case from *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). If not, whether Respondents would consent to issuance of the writ;

2. if the asserted basis for Petitioner's detention is 8 U.S.C. § 1226(a), whether the government complied with the procedures mandated by the settlement agreement in *Velesaca v. Decker*. *See* Stipulation and Order of Dismissal and Settlement ¶¶ 23-30, *Velesaca v. Decker*, No. 20-cv-01803 (AKH) (S.D.N.Y. Mar. 10, 2022).[1] If not, whether Respondents would consent to issuance of the writ — subject to preservation of Respondents' arguments for appeal;

e. a copy of any final order of removal; and

f. any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings.

(2) Unless and until the Court orders otherwise, Respondents shall file an answer to the Petition by **September 17, 2026**; and

(3) Unless and until the Court orders otherwise, Petitioner shall file any reply by **September 23, 2026**.

[1] If so, the government shall provide documentation memorializing that compliance.

This matter shall be heard by the Court on **September 25, 2026** at **10:00 a.m**. in the Daniel Patrick Moynihan United States Courthouse, Courtroom 20B, 500 Pearl Street, New York, NY 10007. **Respondents shall produce Petitioner at the conference**.

To preserve the Court's jurisdiction pending a ruling on the Petition, Petitioner shall not be removed from the United States absent further order of this Court. *See, e.g.*, *M.K. v. Joyce*, No. 25-cv-1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec*., No. 25-cv-0644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases."). **Moreover, in light of Petitioner's interests in participating in further proceedings before this Court and to facilitate resolution of the Petition, Respondents shall not transfer Petitioner except to a facility within this District or the Eastern District of New York absent further order of this Court**. *See, e.g.*, *Perez y Perez v. Noem*, No. 25-cv-4828 (DEH), 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a *habeas* petitioner's transfer pending adjudication of his petition); *see also, e.g.*, *Arostegui-Maldonado v. Baltazar*, No. 25-cv-2205 (WJM) (STV), 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-cv-7117 (BLF), 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

If this case has been settled or otherwise terminated, the parties are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

## CONCLUSION

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York of this Order.

By **September 15, 2026**, Respondents shall file a letter with the Court with the information described in this order. Respondents shall file an answer to the Petition by **September 17, 2026**. Petitioner shall file any reply by **September 23, 2026**.

The matter shall be heard by the Court on **September 25, 2026** at **10:00 a.m**. in the Daniel Patrick Moynihan United States Courthouse, Courtroom 20B, 500 Pearl Street, New York, NY 10007. **Respondents shall produce Petitioner at the conference**.

Dated: September 11, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge